UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAKLEE CORPORATION,              )<br>                               )<br>             Plaintiff,            )<br>        v.                        )<br>                                   )<br>HARPERCOLLINS PUBLISHERS, LLC      )<br>AND CYNTHIA SASS,                  )<br>                                   )<br>             Defendants.           )<br>_____) | Case No.: C 11-00144 PSG<br><br>**ORDER DENYING PLAINTIFF SHAKLEE CORP.'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Docket No. 16) |

Plaintiff Shaklee Corporation ("Shaklee") moves for a temporary restraining order. Defendants HarperCollins Publishers, LLC ("HarperCollins") and Cynthia Sass ("Sass") oppose the motion. On February 1, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, Shaklee's motion for a temporary restraining order is DENIED.

**BACKGROUND**

Shaklee is a natural nutrition company. It has owned Federal Trademark Reg. No. 3443049 for the mark CINCH and Federal Trademark Reg. No. 3559122 for the mark CINCH COACH since 2006. Shaklee uses the marks for products, including dietary and nutritional supplements, meal replacement shakes and meal replacement bars. Its related CINCH COACH and CINCH CLUB

marks[1] are used in connection with a weight loss system.  Shaklee sells its CINCH line of products through "peer-to-peer" sales and marketing channels and on the Internet.

Sass is a registered dietitian.  She has gained widespread acclaim as an expert in diet and nutrition.  She has authored numerous articles and books on health and nutrition and has appeared on national broadcasts to provide advice for healthy and sound eating habits.  Most recently, she has authored the book, *Cinch! Conquer Cravings, Drop Pounds, and Lose Inches.*  The book focuses on making healthful meals by eating fresh, organic and local unprocessed foods prepared at home or at a restaurant.  HarperCollins published the *Cinch!* book and has distributed it through traditional "brick and mortar" retail outlets such as Barnes & Noble and Borders as well as through the online retailer, Amazon.com.  On December 28, 2010, HarperCollins released the *Cinch!* book and Sass began promotion of it.  She has appeared on *The CBS Early Show, The Rachel Ray Show, The Martha Stewart Show* and on local television and radio programs throughout the country.  She is also scheduled to appear on other local and national television programs.

Based on an email from a "Senior Coordinator" at Shaklee and a later email from a distributor of Shaklee products inquiring whether the *Cinch!* book was related to Shaklee CINCH products, the company became aware of Sass's book and her use of the CINCH mark.  Shaklee now moves for an order barring any further use of its registered trademarks.  Specifically, Shaklee seeks to bar Defendants from making any further sales of the *Cinch!* book and from conducting any further marketing efforts of it.

## LEGAL STANDARD

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the TRO does not issue.[2]  This rule requires a trial court to consider the likelihood that the plaintiff will prevail on the merits and the possible harm to the parties from granting or denying the injunctive relief.[3]

---

[1] The court is unclear as to whether the CINCH CLUB mark is registered with the United States Patent and Trademark Office.

[2] Fed. R. Civ. P. 65(b).

[3] *See Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1421 (9th Cir. 1984).

ORDER, *page 2*

At the extremes, a plaintiff seeking injunctive relief must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.[4] "These are not two distinct tests, but rather the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'"[5]

In a trademark infringement action, if the plaintiff establishes a reasonable likelihood of success on the merits, the court will ordinarily presume irreparable injury.[6] Therefore, this court must only determine whether Shaklee has shown a likelihood of success on the merits: "[t]his presumption effectively conflates the dual inquiries of this prong into the single question of whether the plaintiff has shown a likelihood of success on the merits.[7] A plaintiff will succeed if it establishes that the defendant's use of its valid mark gives rise to a likelihood of confusion among the public about the parties' respective goods and/or services.[8]

## DISCUSSION

Shaklee asserts that Defendants have infringed its CINCH mark by using the "Cinch!" term in the title for Sass's book. The parties dispute two key issues: the validity of the CINCH mark and the likelihood of confusion between Shaklee and Defendants' products.

The Lanham Act provides that a federally registered mark is presumed valid.[9] This presumption, however, may be rebutted with evidence of invalidity.[10] Defendants concede that the CINCH mark is the subject of a federal registration. Defendants nevertheless argue that the CINCH mark is invalid because it is descriptive, rather than suggestive, arbitrary or fanciful, and Shaklee has

---

[4] *See Miss World (UK) Ltd. v. Mrs. America Pageants, Inc.,* 856 F.2d 1445, 1448 (9th Cir. 1988); *Rodeo Collection, Ltd. v. West Seventh,* 812 F.2d 1215, 1217 (9th Cir. 1987).

[5] *Miss World,* 856 F.2d at 1448 (quoting *Rodeo Collection).*

[6] *See GoTo.com, Inc. v. Walt Disney Co.,* 202 F.3d 1199, 1205 n.4 (9th Cir. 2000).

[7] *Id.*

[8] *See Metro Publishing, Ltd. v. San Jose Mercury News,* 987 F.2d 637, 640 (9th Cir. 1993) (internal quotation marks omitted).

[9] *See* 15 U.S.C. § 1057(b).

[10] *See Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).

presented no evidence of secondary meaning.[11]  "Among 'weak' marks, courts bestow less protection on a descriptive mark than a suggestive one."[12]  Shaklee argues that the CINCH! mark is at least suggestive, relieving Shaklee of any burden of proving that the mark has acquired secondary meaning.  A descriptive mark "specifically describes a characteristic or ingredient of an article or service (e.g. 'Park 'N Fly'), while [a suggestive mark] suggests, rather than describes, an ingredient, quality or characteristic (i.e. Sleekcraft)."[13]  Based on the limited record at this time on consumer recognition of the CINCH mark, the court cannot determine whether the mark is either suggestive or descriptive.  Shaklee has yet to offer any consumer recognition evidence, and the court will not presume its own assessment is a sufficient proxy for the views of the relevant consuming public.  As such, the court cannot conclude that Shaklee has met its burden on the issue of validity.

Nor can the court conclude at this time that Shaklee has met its burden on the issue of likelihood of confusion.  The Ninth Circuit held in *AMF, Inc. v. Sleekcraft Boats* that likelihood of confusion is established by analyzing eight (non-exhaustive) factors:

1. Strength of the mark;
2. Proximity of the goods;
3. Similarity of the marks;
4. Evidence of actual confusion;
5. Marketing channels used;
6. Type of goods and the degree of care likely to be exercised by the purchaser;
7. Defendant's intent in selecting the mark; and
8. Likelihood of expansion of the product lines.[14]

Shaklee claims that all eight factors are implicated here.  Defendants, perhaps not surprisingly, disagree as to all eight.  At this point in the development of the record, the court is

---

[11] *See Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005).

[12] *Nutri/System, Inc. v. Con-Stan Indusies., Inc.*, 809 F.3d 601, 605 (9th Cir. 1987) (citation omitted).

[13] *Id.*

[14] 599 F.2d 341, 348-349 (9th Cir. 1979).

persuaded that insufficient evidence exists as to at least the proximity of the parties' respective goods, actual confusion among consumers, the marketing channels used, and Defendants' intent in selecting the mark to justify granting Shaklee's requested restraining order.  First, the record indicates that while Shaklee distributes meal replacement products and dietary supplements, Defendants' product is a book about healthy eating and dieting.  Second, the only evidence of actual consumer confusion are two emails from one of Shaklee's own "Senior Coordinator" and a Shaklee distributor.  Anecdotal evidence of confusion is not sufficient to prove actual consumer confusion.[15]  Third, while the parties' respective products are all sold over the internet, the products are promoted through different marketing channels: Shaklee utilizes a multi-level distributor network, while Defendants promote their products through conventional brick-and-mortar retailers.  No overlap in promotion or advertising is thus apparent.[16]  Finally, the only evidence of intent in the record–the Hancock and Sass declarations– indicate that Defendants were not even aware of Shaklee's marks when they conceived of the title to Ms. Sass's book.

**CONCLUSION**

For the foregoing reasons, Shaklee's motion for a temporary restraining order is DENIED.

A hearing on the motion for preliminary injunction shall be held on February 15, 2011 at 10AM.  Live testimony will be permitted, but not required.  Both parties may commence discovery immediately.  Plaintiff shall file its moving papers no later than February 7, 2011 and Defendants shall file their opposition no later than February 11, 2011.  No reply will be considered.

IT IS SO ORDERED.

Dated:    February 1, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[15] *See Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1393 (9th Cir. 1993).

[16] *See Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1535 (4th Cir. 1984).