UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHAKLEE CORPORATION,          )<br>                                              )<br>                    Plaintiff,       )<br>         v.                             )<br>                                              )<br>HARPERCOLLINS PUBLISHERS, ET )<br>AL.,                                      )<br>                                              )<br>                    Defendants.    )<br>_____) | Case No.: C 11-0144 PSG<br><br>**ORDER DENYING PLAINTIFF SHAKLEE'S MOTION TO SHORTEN TIME AND MOTION TO COMPEL**<br><br>(DOCKET NOS. 41 AND 42) |

At 4:56PM on Friday, February 5, 2011, Plaintiff Shaklee Corporation ("Shaklee") filed a motion to compel expedited discovery responses from Defendants. Shaklee file a companion motion to shorten time at 4:58PM. These motions were filed after the court held a telephonic conference approximately three hours earlier. In that conference, the court explicitly encouraged that during the compressed preliminary injunction discovery schedule requested by both parties, the parties should focus their efforts on production and briefing rather than motion practice. The court further noted that if any party nevertheless wished to file a discovery motion, it should do so in accordance with this District's local rules.

As an initial matter, the court notes that notwithstanding the hour of its filing, Shaklee requested that its Friday-evening motion to compel "be considered and determined today"–i.e. Friday-evening– by the court. Even if such a request of the court were reasonable, it would not be

ORDER, *page 1*

1  reasonable to expect Defendants to submit a response for the court's consideration in advance of any
2  determination.  Nor is it reasonable for Shaklee to have insisted upon an order compelling a
3  production (including documents based on "searches on computers, services, and email archives
4  across company divisions where such individuals work, and on personal computers of such
5  persons") within 24 hours, and further for that 24-hour deadline to fall at 5PM on a Saturday
6  following a period of substantial disruption throughout the country due to inclement weather.

7      In any event, the pending motions do not comply with the local rules of this District.  The
8  requirements of Civil Local Rule 7-2(a) notwithstanding, Shaklee failed to calendar its underlying
9  motion not less than 35 days after it served its motion.  Instead, Shaklee calendared the motion for
10 the telephonic conference that took place before any motion had been filed.  Shaklee's underlying
11 motion also does not comply with Civil Local Rule 37-2, which requires that any motion to compel
12 "set forth each request in full, followed immediately by the objections and/or response thereto.  For
13 each such request, the moving papers must detail the basis for the party's contention that it is
14 entitled to the requested discovery and must show how proportionality and other requirements of
15 FRCivP 26(b)(2) are satisfied."

16     Shaklee's motion is therefore DENIED.  While this denial is without prejudice to a renewed
17 motion in accordance with the local rules, the court again respectfully suggests that in the limited
18 time before the hearing on Shaklee's motion for preliminary injunction the parties should focus their
19 efforts elsewhere.

20     IT IS SO ORDERED.
21 Dated:   February 7, 2011

22  
23                                                      PAUL S. GREWAL
                                                     United States Magistrate Judge

24
25
26
27
28

ORDER, *page 2*